NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FLORDELIZA A. HAWKINS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-1096

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01672-VJW, Senior Judge Victor J. Wolski.

_____

Decided:  August 22, 2022

_____

FLORDELIZA A. HAWKINS, Oxnard, CA, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

_____

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges*.

NEWMAN, *Circuit Judge,*

Flordeliza A. Hawkins filed suit in the United States Court of Federal Claims, alleging violations of her constitutional and civil rights with regard to eviction from her home in 2013 after foreclosure proceedings by her mortgagee, SunTrust Bank. The court granted the government's motion to dismiss for lack of subject matter jurisdiction. Ms. Hawkins timely appealed.

We affirm the Court of Federal Claims' dismissal for lack of subject matter jurisdiction.

## DISCUSSION

This court reviews issues of jurisdiction de novo. *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016). When a party moves to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts and draws all reasonable inferences in the plaintiff's favor. The court may consider extrinsic evidence when determining disputed jurisdictional facts. *Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1029–30 (Fed. Cir. 2012).

The Tucker Act jurisdiction, 28 U.S.C. § 1491(a)(1), requires a constitutional, statutory, or contractual right to money damages. *N.Y. & Presbyterian Hosp. v. United States*, 881 F.3d 877, 881 (Fed. Cir. 2018). There must be a substantive law that can "fairly be interpreted" as requiring the United States to pay damages. *Id.* This standard requires a lesser showing than is needed to demonstrate a waiver of sovereign immunity; only requiring that the legal source of the asserted claim "be reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003).

This case presents no factual dispute. The question is whether Ms. Hawkins has identified a money-mandating source of law, due to a violation of a legal right or a breach of a contract with the federal government. We conclude that she has not.

Ms. Hawkins identified the Fourteenth Amendment as the source of her claim. Appellant Br. 2. She previously also claimed violations of the Bill of Rights and the Thirteenth Amendment. While these amendments restrict government action, none of them is in jurisdictional terms empowered by the Tucker Act except the Takings Clause of the Fifth Amendment.

Ms. Hawkins's rights under the Takings Clause have not been violated. This clause prohibits taking of "private property for public use, without just compensation." U.S. Const. amend. V. Here, a private bank implemented a foreclosure sale based on contractual provisions of a mortgage document. Appellee Appx. 0016–17. This does not implicate the Takings Clause. *See, e.g.*, *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 803 (7th Cir. 2018) (finding no taking when a government entity purchased property in a foreclosure sale based on a contractual right).

Ms. Hawkins' argues that her mortgage contract was with the federal government because the Department of Housing and Urban Development created some of the mortgage forms and placed its letterhead on those forms. But the government can generally only be sued for breach of contract when it is a party to the contract, which requires intent by the government to enter a contract. *Turping v. United States*, 913 F.3d 1060, 1066 (Fed. Cir. 2019). Governmental oversight of a contract form is insufficient. *Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994). That the Department of Housing and Urban Development created mortgage forms and oversees some aspects of mortgages

does not make it a party to the mortgage and does not provide jurisdiction in the Court of Federal Claims.

CONCLUSION

The Court of Federal Claims correctly dismissed for lack of subject matter jurisdiction.

**AFFIRMED**

No costs.